UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Bobbi Stephenson, | Civ. No. 23-1301 (JWB/ECW) |
| Petitioner, | |
| v. | **ORDER** |
| Michael Segal, *Warden*, | |
| Respondent. | |

---

Bobbi Stephenson, Reg. No. 43432-509, FCI Waseca, P.O. Box 1731, Waseca, MN 56093, pro se Petitioner.

Ana H. Voss, Esq., Lucas B. Draisey, Esq., United States Attorney's Office, counsel for Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") by United States Magistrate Judge Elizabeth Cowan Wright dated May 17, 2023. (Doc. No. 4.) Petitioner Bobbi Stephenson has filed an objection to the recommendation that this Court deny and dismiss the petition. (Doc. No. 7.)

The Court reviews the portions of the R&R to which Petitioner objects *de novo* and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). The Court reviews any aspect of an R&R to which no specific objection is made for clear error. *Grinder v. Gammon,* 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed,

the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because Petitioner is *pro se*, her objections are entitled to liberal construction. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

Petitioner objects to the R&R's alternative analysis that even if the statute is ambiguous, the regulatory interpretation is reasonable. Petitioner does not object to the R&R's primary analysis regarding the statute's unambiguous language. Consequently, the Petitioner's objection to the alternative analysis is inconsequential because the R&R contains no clear error in determining that the statute unambiguously awards credit for the number of days spent in a program, not the number of programs attended concurrently. Petitioner makes other objections relating to conditions of confinement, but those are not cognizable in habeas and waived for failure to raise them in her original petition. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.,* 679 F.3d 1062, 1067 (8th Cir. 2012) (concluding "[t]he district court properly refused to consider [appellant's] argument . . . because th[e] argument was not presented first to the magistrate judge"). Therefore, based on the Court's review of Petitioner's objections, and in consideration of the applicable law, the Court accepts the R&R in its entirety.

**IT IS HEREBY ORDERED** that:

1. Petitioner Bobbi Stephenson's Objection to the Report and Recommendation (Doc. No. 7) is **OVERRULED**;

2. The Report and Recommendation (Doc. No. 4) is **ACCEPTED**;

3. Petitioner Bobbi Stephenson's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**; and

4.      This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: June 27, 2023                              *s/ Jerry W. Blackwell*
                                                 JERRY W. BLACKWELL
                                                 United States District Judge